# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

RUTH C. WARRIOR,        )
                                  )
        **Plaintiff,**      )
                                  )
**v.**                             )    **Case No. CIV-17-630-R**
                                  )
**HOPE COMMUNITY SERVICES,** )
**INC.,**                     )
                                )
        **Defendant.**    )

## ORDER

Defendant Hope Community Services, Inc. filed a Motion to Dismiss (Doc. No. 10) seeking dismissal of Plaintiff's *pro se* Complaint. Plaintiff responded in opposition to the motion, and Defendant filed a reply in support of its position. Having considered the parties' submissions, the Court finds as follows.

Plaintiff filed this action and alleged the following as her claim:

> Plaintiff was employed by defendant. During the course of the employment, defendant discriminated against plaintiff in the manner described in the attached Charged in Discrimination and the attendant administrative file prepared pursuant to the charge, in violation of federal and state law.

Doc. No. 1, p. 1. The remaining allegations do not assert substantive allegations of discrimination, and thus these are the operative facts for purposes of Defendant's motion.

Under Rule 12(b)(6) a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations...and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595

F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). A plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Hall*, 935 F.2d at 1110 (holding that even pro se litigants cannot rely on conclusory, unsubstantiated allegations to survive a 12(b)(6) motion). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (explaining that plausibility refers "to the scope of the allegations in a complaint," and that the allegations must be sufficient to nudge a plaintiff's claim(s) "across the line from conceivable to plausible."). The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007). The court liberally construes a *pro se* complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Nonetheless, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir.1997).

Plaintiff's Petition contains a single factual allegation relevant to the inquiry currently before the Court, that she was employed by the Defendant. This allegation is clearly insufficient to avoid dismissal of Plaintiff's complaint, as she makes no allegations from which the Court can infer discriminatory treatment by Defendant. Plaintiff, however, did reference her Charge of Discrimination in the June 6, 2017, Petition, although she failed to attach a copy to her pleading. "[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *See GFF Corp. v. Associated Wholesale Grocers, Inc*., 130 F.3d 1381, 1384 (10th Cir.1997).

Although Plaintiff attempts to add additional factual support for her claims via her response to the motion to dismiss, the Court is limited to consideration of her Petition and the document incorporated therein by reference. The Court finds that even with consideration of the Charge of Discrimination Plaintiff fails to allege a plausible claim for race discrimination based on either discriminatory treatment or a hostile work environment theory. She similarly fails to allege sufficient facts to support her claim of retaliation for complaints of race discrimination, or disability discrimination, including failure to accommodate. With regard to her hostile work environment claim, the only facts the Court can derive from the EEOC charge are the three examples contained therein, which is insufficient to allege that Plaintiff suffered harassment sufficiently severe or pervasive so as to alter a term, condition or privilege of her employment with Defendant and created an abusive working environment. *See U.S. ex. rel. Feaster v. Dobbs Chiropractic Clinic, LLC,*

2015 WL 6801829, *6 (D.Kan. 2015).

Title VII prohibits an employer from retaliating against an employee because she has opposed an employment practice based on Title VII discrimination. *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012)(citing 42 U.S.C. § 2000e–3(a)). "A meritorious retaliation claim will stand even if the underlying discrimination claim fails." *Sanchez*, 164 F.3d at 533. "To state a prima facie case for retaliation under Title VII, a plaintiff must show '(1) that [s]he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action.'" *Khalik* , 671 F.3d at 1193 (quoting *Twigg v. Hawker Beechcraft Corp*., 659 F.3d 987, 998 (10th Cir. 2011)). Nevertheless, at the motion to dismiss stage, the plaintiff need not establish her prima facie case; she need only state a plausible claim. *Khalik,* 671 F.3d at 1192.

As discussed above, the Court construes Plaintiff's *pro se* complaint liberally. *Roman–Nose v. New Mexico Dep't of Human Servs*., 967 F.2d 435, 436–37 (10th Cir. 1992). Following Defendant's lead and considering the allegations in the Charge of Discrimination, the Court finds that Plaintiff's Complaint fails to state a claim for retaliation. She alleges that she informed human resources of allegedly discriminatory comments and thereafter was subjected to counseling by her supervisor about an absence. Although he allegedly stated that he had heard from other employees that she was a troublemaker, there is no basis in the Charge or Complaint to draw an inference that her

4

counseling was inappropriate under the circumstances or that the supervisor had any knowledge about Plaintiff's alleged complaints to human resources. Although Plaintiff alleges she was terminated on September 14, 2015, the Court cannot discern when she allegedly reported the racial harassment so as to conclude she has stated a claim for retaliation.

Finally, with regard to her claim that Defendant violated the Americans with Disabilities Act, the Complaint and Charge are devoid of any facts from which the Court could infer that Plaintiff was disabled under any of the relevant ADA standards. It is insufficient to allege that she requested and was denied a reasonable accommodation without first pleading facts to establish that she was entitled to such accommodation.

Where, as here, however, a *pro se* Plaintiff's original pleading misses "important element[s] that may not have occurred to [her]," the Court will grant leave to amend. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Here it appears from Plaintiff's response to the motion to dismiss that she possesses additional facts to be incorporated into an amended complaint that may permit her to comply with the pleading requirements of *Iqbal* and *Twombly*. Plaintiff may file an amended complaint not later than October 10, 2017.

Defendant's Motion to Dismiss is hereby granted and the Court grants Plaintiff leave to amend. Should no amended complaint be filed by the deadline set forth herein, the Court will terminate this action.

IT IS SO ORDERED this 19th day of September 2017.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE